UNITED STATES DISTRICT COURT          **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.    **CV 11-6464-JFW (RZx)**                    Date:  October 24, 2011

Title:         Armando Velasco, et al. -v- JPMorgan Chase Bank, N.A., et al.

**PRESENT:**
                **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

           **Shannon Reilly**                              **None Present**
           **Courtroom Deputy**                            **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                       None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING CHASE'S MOTION TO DISMISS THE
                                       COMPLAINT FOR FAILURE TO STATE A CLAIM [filed
                                       9/8/2011; Docket No. 16]**

       On September 8, 2011, Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase
California Corporation (collectively "Chase") filed a Motion to Dismiss the Complaint for Failure to
State a Claim.  On October 6, 2011, Plaintiffs Armando Velasco and Anabeht Velasco ("Plaintiffs")
filed their Opposition.  Chase did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil
Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without
oral argument.  The hearing calendared for October 31, 2011 is hereby vacated and the matter
taken off calendar.  After considering the moving and opposing papers and the arguments therein,
the Court rules as follows:

       A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the
legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only
where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged
under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co.,
Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d
696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of
his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
(2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a
right to relief above the speculative level."  *Id.*

       In deciding a motion to dismiss, a court must accept as true the allegations of the complaint
and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g.,*

*Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

The Court finds that the issues raised by Chase are more appropriately resolved in a motion for summary judgment. Accordingly, Chase's Motion to Dismiss the Complaint for Failure to State a Claim is **DENIED.**

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_